WILLIAM G. R. MOWRY _et al._ _vs._ MARIA L. BRADLEY _et als._

The _premises_ of a deed recited the payment of the consideration by M., trustee for M. & Co., a firm consisting of said M., C. and B., and gave, granted, bargained, sold, aliened, enfeoffed, conveyed, and confirmed "unto him, the said M., trustee as aforesaid, his heirs and assigns forever," the realty in question. The _habendum_ of the deed limited the realty "to him, the said M., trustee as aforesaid, his heirs and assigns forever, to his and their only proper use, benefit, and behoof forever:" —

_Held_, that the legal estate to the realty vested in M. in trust, and not in M., C. & B. as tenants in common.

A deed will if possible be construed to give effect to all its parts, although if necessary the _habendum_ may be rejected when contradictory to the _premises_.

Realty held by M. in trust for M., C. & B., copartners, being needed to pay partnership debts on the death of B.: —

_Held_, that the widow of B. could have dower only in the surplus remaining after the realty had been sold, and the proceeds, so far as needed, had been applied to the firm debts.

BILL IN EQUITY to determine a title.

_June_ 23, 1876. MATTESON, J. This is a bill to settle the title to two lots of land situated in Providence, numbered respectively 300 and 301 on "Plan of House Lots belonging to T. G. Eiswald, being a part of the William Almy estate on Broadway, by N. B. Schubarth, 1870."

The deed by which these lots were acquired, and which we are called upon to construe, was given by Theodore G. Eiswald to William G. R. Mowry, trustee for William G. R. Mowry & Co. It is in the common form of a warranty deed. The premises recite the payment of the purchase money by William G. R. Mowry, "Trustee for William G. R. Mowry & Co., a firm consisting of said William G. R. Mowry, Sturgis P. Carpenter, and Nathaniel M. Bradley," and give, grant, bargain, sell, aliene, enfeoff, convey, and confirm "unto him, the said William G. R. Mowry, trustee as aforesaid, his heirs and assigns, forever," three lots of land, two of which are the lots named above. The _habendum_ limits the use in the lots conveyed "to him, the said William G. R. Mowry, trustee as aforesaid, his heirs and assigns, forever, to his and their only proper use, benefit, and behoof forever."

The question presented for our determination is, whether, under this deed, the legal title to the lots named vested in William G. R. Mowry, as trustee for the firm, or in all the partners as tenants in common.

The answer depends upon the meaning of the word *trustee* in the grant and the *habendum*.

If this word be merely descriptive of the person of the grantee, undoubtedly the legal title vested in William G. R. Mowry alone, subject to a resulting trust in favor of the firm, whose property had been expended in the purchase.

The bill regards this word trustee as equivalent to *in trust*, and proceeds upon the theory that the deed created a use which was executed by the statute of uses in the several partners as tenants in common, each becoming seised of an undivided third. In support of this view it is suggested that the grantee is a mere naked trustee upon whom the deed confers no powers and imposes no duties.

Assuming the construction put upon the word trustee by the bill to be correct, we think the effect of the deed was to vest the legal title in William G. R. Mowry alone, and to create a trust in favor of the firm, and not to raise a use executed by the statute of uses in the partners as tenants in common. That statute did not reach every estate held to a use. It did not touch a use limited upon a use. Thus if A. granted lands to B. and his heirs, to the use of C. and his heirs, to the use of, or in trust for, D. and his heirs, the statute expended its force in transferring the legal estate from B. and uniting it with the first use in C., but did not affect the use or trust for D., which consequently remained as before the statute a mere equitable interest or trust. And even though the first or primary use be limited to the grantee himself, it is held that the statute does not extend to a use or trust over to another. Hence to create a trust it is only necessary to vest the legal estate and the primary use in the person who is to be trustee, and to limit a second use upon the primary use to the person who is to be the *cestui que trust*. Perry on Trusts, §§ 6, 304 ; *Attorney General* v. *Scott*, Cas. Temp. Talb. 138 ; *Robinson* v. *Comyns*, Ib. 164 ; *Hopkins* v. *Hopkins*, 1 Atk. 581 ; *Doe on dem. Lloyd* v. *Passingham*, 6 B. & C. 305 ; *Harris* v. *Pugh*, 12 Moore, 577 ; also in 4 Bing. 335 ; *Price* v. *Sisson*, 13 N. J. Eq. 168. This is precisely what is accomplished by the deed before us. The grant is to William G. R. Mowry in trust for the firm ; the *habendum* limits the estate granted and the use to William G. R. Mowry, in trust for the firm.

Again, to hold that this deed created a use executed by the statute of uses would render the *habendum* repugnant to the premises, since the premises would then vest the entire legal estate in the partners composing the firm as tenants in common, while the *habendum* limits it to Mowry alone in trust for the firm.    Although, when the *habendum* is clearly and irreconcilably repugnant to the premises, it may be rejected, it is nevertheless our duty to adopt a construction, if possible, which renders both consistent, and which gives effect to both.

The complainants as surviving partners had the right to sell the entire equitable estate in the lots named, the sale being necessary to pay the partnership debts, and to effect a settlement of the account between them and the deceased partner.    For the same reason, the widow of the deceased cannot claim dower in the lots themselves, but only in the surplus of the proceeds, if any, after the purposes of the sale have been accomplished. Having the right to sell the entire equitable estate, and the legal estate being wholly vested in one of them, the complainants can make a conveyance to the purchaser, Richmond, which will be valid against any claim by the widow or heirs of the deceased.    We see no necessity for making the decree prayed for, and therefore dismiss the bill; but, as this is an amicable suit, without costs.                      *Bill dismissed, without costs.*

*Elisha C. Mowry*, for complainants.

*Vincent & Carpenter*, for respondents.